MIDDLESEX THEATRE, INC. ET ALS. *v.* EDWARD J. HICKEY, COMMISSIONER, ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 5—decided May 8, 1941.

*Carlos Ellis,* with whom, on the brief, was *Russell Back,* for the appellants (named plaintiff et al.).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (named defendant).

ELLS, J.  The plaintiffs appealed to the Superior Court from a decision of the commissioner of state police, who, on June 20, 1940, granted a certificate to operate an open air motion picture theatre with a seating capacity of nine hundred and eighty-eight persons,

in the back yard of premises located on Main Street in Middletown, subject to carefully specified requirements relating to matters of public safety. He had previously, on July 28, 1939, upon a similar petition, rendered a decision that a certificate of approval would be issued for a capacity of three hundred persons, contingent upon similar safety provisions. The limitation as to capacity was made because of a ruling by the city's legal adviser that the open air theatre was a building within the provisions of the city building code, and subject to a limitation of three hundred patrons. No appeal was taken from the commissioner's decision.

In the interim between the commissioner's two decisions, as the result of a mandamus action brought to the Superior Court, to which the plaintiffs were not parties, the court held that the theatre was not a building within the building code, and was not subject to its limitation of three hundred patrons. No material changes in physical circumstances had occurred, and a principal question is whether the effect of this Superior Court decision created a new and material circumstance warranting the change in decision by the commissioner.

The plaintiffs contend that the action on the 1939 application was final, and that in the absence of an appeal therefrom the decision is conclusive. It is well settled that while an administrative officer or board may review a decision and revoke action once duly taken, it should not ordinarily do so; otherwise there would be no finality to the proceeding and the result would be subject to change at the whim of the officer or board or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence. *Rommell* v. *Walsh*, 127 Conn. 272, 276, 15 Atl. (2d) 6. This is a wholesome and salutary rule but is by no means inflexible. Where a change of conditions has occurred since the decision

of the administrator or where other considerations have arisen materially affecting the merits of the matter and no vested rights have intervened, it is reasonable and appropriate to the functioning of efficient administrative machinery that the subject matter be re-examined in the light of the altered circumstances. See *St. Patrick's Church Corporation* v. *Daniels*, 113 Conn. 132, 137, 154 Atl. 343, as to zoning boards of appeal. In the present case the intervening change in circumstance was a final judgment of the Superior Court that this specific open air theatre was not a building within the meaning of the building code. The commissioner cannot act arbitrarily; he must proceed according to law. This judgment justified him in changing his viewpoint and entertaining the second application. Such action was contrary neither to the rule nor its reason. He acted, not arbitrarily, but in accordance with law; and not according to whim, influence exerted, or other undesirable elements. See *Torello* v. *Board of Zoning Appeals of New Haven*, 127 Conn. 307, 312, 16 Atl. (2d) 591. The case of *Terry* v. *Town of Waterbury*, 35 Conn. 526, relied on by the plaintiffs, is not in point, for, among other reasons, the first decision of the committee resulted in a final judgment of the Superior Court, and gave the defendant a vested right.

The parties to this appeal concede that the question whether this theatre is a building within the meaning of the building code determines whether a certificate for a theatre having a seating capacity of more than three hundred could properly be granted. The various authorities accord many meanings to the word "building," but it is a sound rule that recourse must be had to the peculiar facts and circumstances of each particular case and the provisions of a statute using the word. 12 C.J.S. 378, 379. This yard is enclosed only by

fences. There is no roof. The seats are attached to sleepers set in the ground. In front of them is the screen and to the rear of them is the projection booth. It is difficult to believe that these fences, which are not walls intended or adapted to support a roof, constitute a building as that word is ordinarily defined. *Small* v. *Parkway Auto Supplies, Inc.*, 258 Mass. 30, 33, 154 N.E. 521; *State* v. *Barr*, 39 Conn. 40, 43. We hold that within the meaning of the word as used in the building code, this is not a building. Exhibit J, a photograph of the open air theatre, furnishes decisive confirmation. An examination of the article of the code involved in this case indicates that it was adopted to meet conditions prevailing in a permanent structure of walls, roof, and floors. For example, there are provisions for the construction of walls, floors, roofs, ceilings, heating apparatus, doors, foyers, lobbies, gallery exits, staircases, fire escapes and the like. There are none which pertain to such an establishment as the one in question.

There is no error.

In this opinion the other judges concurred.