JOSEPH H. KATSOFF ET AL. *v.* EMILIO LUCERTINI ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued February 3—decided March 9, 1954

*Alvin M. Murray,* with whom, on the brief, were *Alexander Winnick, Milton Rice* and *Gilbert H. Winnick,* for the appellants (plaintiffs).

*Herbert L. Emanuelson,* for the appellees (defendants).

DALY, J. The plaintiffs sought an injunction to require the defendants to remove a sign on the roof of a building on the defendants' land adjoining the

plaintiffs' premises on the south and to restrain them from erecting a sign or a building on their property. This appeal is taken from a judgment for the defendants denying the plaintiffs' prayers for relief. The principal question is whether the court erred in concluding that the erection and use of the billboard does not constitute a violation of a restrictive covenant and that the billboard is not a "building" within the intendment of the covenant.

The finding, which is not subject to material correction, recites the following facts: The plaintiffs are the owners of a parcel of land fronting on West Water Street in the city of New Haven. The land was purchased by them under an agreement entered into in February, 1948. The structure on the property had been a six-family dwelling from at least 1904 until 1930, when, by reason of its dilapidated condition, the interior was removed, the original walls were permitted to remain standing, and hotel accommodations were added. Since 1930, a hotel or rooming-house business has been conducted by successive owners or lessees in a three-story building housing first-floor stores and twenty-eight hotel rooms, there being fourteen on each of the two upper floors. The southerly wall of the building faces toward the New Haven railroad station and the tracks adjacent thereto, and it contains a number of windows opening from rooms in the hotel. At the time the contract of sale was executed, there was no structure upon the one-story building which adjoins the hotel property on the south. On March 8, 1948, a deed of the hotel property was executed by Merwin Krevit to the plaintiffs. Between the date when the plaintiffs' purchase agreement was executed and March 8, 1948, the date of transfer, a sign was erected upon the one-story building.

The most desirable rooms in the hotel are those facing the south.

The controversial restrictive covenant, originally incorporated in a warranty deed dated June 29, 1904, from Charles T. Coyle, the plaintiffs' predecessor in title, to Joseph Blake, the defendants' predecessor, provides: "[N]o building shall be erected on that portion of the land hereby conveyed which adjoins and is directly South of the brick building above described, higher than the one story building now on the land hereby conveyed so long as the brick building which now forms the Northerly boundary line adjoining shall remain on said land." The incumbrance clause in the same deed contains the following exception: " . . . except said reservation not to build on said portion of said land south of said brick building so long as the same shall remain on said land on the North."

The defendants own the one-story building immediately south of the hotel; it contains two stores which are under lease. Atop this building, the defendants have permitted the United Advertising Corporation to erect a two-sign billboard, each panel being approximately fifteen feet high and twenty-five feet wide. The billboard was completed in all respects on February 24, 1948. Before the institution of this action, the defendants were requested by letter to remove the obstruction, and a like letter was sent to the advertising company. The defendants have not removed the billboard. It does not materially diminish the light entering the hotel rooms, or the flow of air. The trial court concluded that the billboard is not a building within the intendment of the covenant.

The plaintiffs maintain that, since the trial court reached the conclusion that the restrictive covenant

in the deed to the defendants' predecessor in title
was drafted to safeguard the light, air and view, the
character of the structure is immaterial and, con-
sequently, the sign is a building within the intend-
ment of the covenant. The various authorities ac-
cord many meanings to the word "building," but it
is a sound rule that recourse must be had to the
peculiar facts and circumstances of each particular
case. *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn.
20, 23, 20 A.2d 412. In Webster's New International
Dictionary (2d Ed.), the word "building" is defined
to be "a fabric or edifice, framed or constructed,
designed to stand more or less permanently, and
covering a space of land, for use as a dwelling,
storehouse, factory, shelter for beasts, or some other
useful purpose." It is also stated that a "building,"
in this sense, does not include a mere wall, fence,
monument, hoarding or similar structure, though
designed for permanent use where it stands. As
the word "hoarding" is defined, it includes a "bill-
board."

In the determination of the meaning in which
words in a restrictive covenant are used, the con-
trolling factor, when discovered, is the expressed
intent. Intent unexpressed will be unavailing. In
the discovery of the expressed intent, there are cer-
tain accepted principles of construction to be ob-
served. One is that the words used are to be taken
in their ordinary and popular sense, unless they
have acquired a peculiar or special meaning in the
particular relation in which they appear, or in re-
spect to the particular subject matter, or unless it
appears from the context that the parties intended
to use them in a different sense. Another is that,
if the language of a restrictive covenant, when read
in the light which the context and surrounding cir-

cumstances throw upon it, remains of doubtful meaning, it will be construed against, rather than in favor of, the covenant. Restrictive covenants, being in derogation of the common-law right to use land for all lawful purposes that go with title and possession, are not to be extended by implication. *B.T. Harris Corporation* v. *Bulova,* 135 Conn. 356, 362, 64 A.2d 542; *Easterbrook* v. *Hebrew Ladies Orphan Society,* 85 Conn. 289, 296, 82 A. 561. There is nothing in the record to indicate that the parties to the covenant intended that the word "building," as used, was not to be taken in its ordinary and popular sense. There is no basis for concluding that, under the rule to be applied in discovering the expressed intent, the word had any other meaning.

Billboards have been held to be included within the meaning of the word "structure." However, while a building is always a structure, all structures are not buildings. *Hendryx Co.* v. *New Haven,* 104 Conn. 632, 640, 134 A. 77. As was stated in the conclusions in the finding, if the parties to the covenant had intended to debar the possibility of the erection of a structure of any character on the one-story building, it would have been relatively simple to find appropriate and meaningful language to express their purpose.

There is no error.

In this opinion the other judges concurred.