[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. STATEMENT OF THE APPEAL
The plaintiff Kenneth E. Wright appeals from the decision of the defendant Town of Mansfield Zoning Board of Appeals denying the plaintiff's application for a finding of zoning agent error.
II. BACKGROUND
The plaintiff is the owner of real property known as 928 Storrs Road. (Return of Record [ROR], Item 1.) On September 25, 1996, the plaintiff wrote a letter to the Town of Mansfield complaining about an emergency electrical system (system) installed by his neighbors, the Anthonys, at 920 Storrs Road within one foot of the property line. (ROR, Item 1.) On December 6, 1996, Curt Hirsch, Town of Mansfield's zoning enforcement officer (ZEO), wrote the Anthonys informing them that the system must meet the applicable setback requirements of the Town of Mansfield Zoning Regulations. (ROR, Item 5.) On February 10, 1997, the ZEO again wrote the Anthonys stating that he had revised his initial determination and now had determined that the setback requirements did not apply to the system because it was an appurtenance. (ROR, Item 7.)
The plaintiff filed an appeal to the defendant by way of a Notice to Issue ZBA Application dated March 3, 1997, seeking an appeal of the ZEO's determination that the system does not need to comply with the minimum setback requirements. (ROR, Item 8.) The defendant denied the plaintiff's application for a finding of ZEO error. (ROR, Item 18.) The plaintiff now appeals from the defendant's decision pursuant to General Statutes § 8-8.
III. JURISDICTION
 A. Aggrievement
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over an administrative appeal. Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). In the present case, the plaintiff has properly pleaded aggrievement, alleging he is the owner of land that abuts the property involved in the defendant's decision. (Appeal, ¶ 1.) The court finds the plaintiff is aggrieved based upon certain stipulations made during the court proceeding.
B. Timeliness and Service of Process
CT Page 6110
General Statutes § 8-8 (b) provides that the appeal shall be commenced by service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8 (e) provides that legal process shall be directed to a proper officer and shall be made by leaving a copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. The defendant held public hearings on April 9 and May 14, 1997. (ROR, Items 11, 16.) It made its decision on May 14, 1997 and published the decision on May 27, 1997 in The Willimantic Chronicle. (Appeal, ¶ 5.) The plaintiff commenced the appeal on June 10, 1997 by service of process upon the town clerk. (Sheriff's Return.) The court finds the appeal was commenced in a timely manner and service of process was proper.
VI. DISCUSSION
A zoning board of appeals hears and decides an appeal from the decision of a zoning enforcement officer de novo. Caserta v.Zoning Board of Appeals, 226 Conn. 80, 88-89, 626 A.2d 744
(1993). "It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts." Id., 90. The zoning board must decide whether a particular zoning regulation applies to the situation and the manner in which it does apply.Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988). The trial court is not bound by the legal interpretation of a zoning regulation by the zoning board of appeals. Melody v. Zoning Board of Appeals, 158 Conn. 516, 518,264 A.2d 572 (1969). The trial court must "decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." Schwartz v.Planning Zoning Commission, supra, 152.
When the board fails to give reasons for its decision, the court searches the record to discover if there is a sufficient reason to support the board's decision. West Hartford InterfaithCoalition. Inc., v. Town Council, 228 Conn. 498, 514,636 A.2d 1342 (1994). The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 548, 684 A.2d 735 (1996). Evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be CT Page 6111 reasonably inferred. Id. The burden of proof to demonstrate that the defendant acted improperly is upon the plaintiff. Spero v.Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
The record indicates that the system consists of a generator, a liquid petroleum gas storage tank, a battery, a slab and a utility pole surrounded by a ten foot by thirteen foot fence without a roof. (ROR, Item 16, pp. 5, 11.)[1] The system is located on the Anthony's property line right next to the plaintiff's property where it was installed approximately twelve years ago. (ROR, Items 4; 16, p. 6.) The system is located approximately eighty feet from the Anthony's home. (ROR, Item 11, p. 6.) An engine charges for approximately twenty-five minutes on Fridays at 11 a.m. (ROR, Item 11, p. 2.) The system supplies electricity to the home when needed. (ROR, Items 11, p. 8; 16, p. 6.)
During the public hearing, the plaintiff argued that each item alone, such as the generator, constitutes a structure and is required to meet the setback requirements of the regulations. (ROR, Item 16, p. 5.) The Anthonys argued that the system is a nonconforming building. (ROR, Item 16, pp. 7-8.) The board members discussed whether the system constituted a structure or an appurtenance, such as an air conditioner. (ROR, Item 11, p. 6.) They also discussed whether they should consider the system as a whole or consider each item alone. (ROR, Item 16, pp. 5, 11.) Individual members rejected the notion that the structure was a building. (ROR, Items 11, pp. 8-9, 12; 16, pp. 5, 11.) The record reflects that the ZEO was unsure of what to call the system. During the public hearing, he said: "So when I use the word appurtenance because I didn't want to call it a structure because in my mind it's not a structure, it's not a use. I just try to come up with a word to kind of get by what I felt it was to the house. I have no argument that there's no definition of it in the regulations." (ROR, Item 11, p. 6.) At another point, he said he did not consider the system to be a building. (ROR, Item 16, p. 8.) Members also expressed concern about what the system was, what, if any regulations applied to it, and the length of time it had been in place. (ROR, Items 11, p. 6-8; 16, p. 12-13.)
A motion was made "to approve the application of the plaintiff for a finding of zoning agent error in determining that a standby power generator does not need to comply with minimum setback standards at 920 Storrs Road in a RAR-90 zone." (ROR, Item 16, p. 11.) Two members did not vote because they were unsure as to what action to take. One member said: "I just don't CT Page 6112 think that this — there's no regulation on this and I don't feel that we can in good conscience vote either for it or against it. Another said: "I feel the same way. I'm going to abstain." (ROR, Item 16, p. 13.) The two remaining members voted to find ZEO error. (ROR, Item 16, p. 13.) Since the board needs four affirmative votes to overturn a zoning enforcement officer's decision and this board had only two, the ZEO's decision remained in effect. General Statutes § 8-7. The defendant failed to state upon the record a formal, collective reason for its decision.
The plaintiff appeals on the ground that the defendant acted arbitrarily, illegally and in abuse of its discretion in upholding the ZEO's decision not to apply setback regulations to the system. The defendant counters that (1) the system taken as a whole is a structure and (2) this structure constitutes a nonconforming building within the meaning of General Statutes § 8-13a and therefore the setback regulations may not be applied. The defendant also argues that since the ZEO and his predecessors have never considered items similar to this to be subject to the regulations' setback requirements, this practice by the ZEO has ripened into estoppel.
A. Structure
Article III, A. of the regulations state: "No building, structure or land shall hereafter be used or occupied and no building or structure or part thereof shall hereafter be erected, constructed . . . unless in conformity with all applicable provisions of these regulations." Article IV, B. 71 states: "Setback, Building. The distance that a building or other structure must be from the lot line." The Schedule of Dimensional Requirements provides: "Unless specific exceptions are noted in other sections of these regulations, . . . this schedule of dimensional requirements shall apply to all lots, buildings, structures and site improvements, including parking, loading and outside storage areas." The minimum setback from the side lot line in an RAR-90 zone is thirty-five feet. (ROR, Item 19.) Structure is not defined in the regulations. (ROR, Item 19.) Article IV, Rules and Definitions states: "[a]ny questions that arise regarding the regulatory meaning of other words and terms shall be determined by the Planning and Zoning Commission with reference to the Connecticut General Statutes and the Random House Dictionary of the English Language, unabridged edition, respectively." A definition of structure from the Random House CT Page 6113 Dictionary of the English Language was made part of the record. (ROR, Items 15; 16, p. 5.) That definition states in relevant part: "1. mode of building, construction, or organization; arrangement of parts, elements, or constituents: a pyramidalstructure. 2. something built or constructed, as a building, bridge, dam, etc. 3. a complex system considered from the point of view of the whole rather than of any single part: thestructure of modern science. 4. anything composed of parts arranged together in some way; an organization." (ROR, Item 12.)
"The system," consisting of a generator, storage tank, battery, slab and pole surrounded by a fence, is an arrangement of parts. This system fits within the definition of structure provided by the Random House Dictionary and thus, the board's decision that this system is a structure is a correct interpretation of the regulations. Spero v. Zoning Board ofAppeals, supra, 217 Conn. 440. The court finds sufficient evidence exists to support a finding that the system is a structure within the meaning of the regulations. See Article III, A., Article IV., B. 71, Schedule of Dimensional Requirements. (ROR, Item 19.)
As previously set forth, the defendant argues that the system is a nonconforming building pursuant to General Statutes § 8-13a
and, therefore, is exempt from the setback requirements.
B. Building
General Statutes § 8-13a(a) reads: "[w]hen a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot . . . and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries . . . ." (Citation omitted.) The statute does not provide a definition of building. Kershaw v. Zoning Board ofAppeals, Superior Court, judicial district of Danbury, Docket No. 324757 (February 23, 1998, Mihalakos, J., 21 Conn. L. Rptr. 42). Nor do the regulations. (ROR, Item 19.)
While the appellate courts have not addressed the issue of whether a particular structure constitutes a building for the purposes of General Statutes § 8-13a, several superior courts have.[2] In Kershaw v. Zoning Board of Appeals, supra, the CT Page 6114 board upheld the zoning enforcement officer's decision that a deck was not a building. The court found that the definition of building in the regulations (structure enclosed by a roof and solid exterior walls) fit within the ordinary meaning of the term building and did not include a deck. In Blouin v. Madison ZoningBoard of Appeals, Superior Court, judicial district of New Haven at New Haven, Docket No. 0345497, (March 1, 1995, Booth, J.), the court said that while construction equipment may fit the expansive definition of a building in the regulations (a man-made object including structures, machinery, equipment, piles, accumulation, swimming pools, tennis courts and decks), building as used in General Statutes § 8-13a does not necessarily have the same meaning. In Riccio v. Barbarotta, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262288 (January 14, 1991, Nigro, J.), the court denied a motion for summary judgment in part because the zoning official's decision that a swimming pool was a building pursuant to the regulations (any structure other than a fence or a boundary wall) was a factual issue. In Mulholland v. Fortunata, Superior Court, judicial district of New London at New London, Docket No. 527827, (March 3, 1994, Austin, J.), the issue was whether the conversion of a single-family house into a two story dwelling more than three years earlier was protected by General Statutes § 8-13a. The court noted that the statute did not provide a definition of building so it applied the American Heritage Dictionary definition (something that is built; a structure, an edifice) and ruled that the statute applied to the building and not the use of the building. See Adamski v. Bristol Zoning Board of Appeals,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 456996 (September 9, 1994, Goldberg, J.) (second-floor addition to facility is a violation of zoning regulations but constitutes a nonconforming building pursuant to the statute because action not taken within three years).
Connecticut's appellate courts have addressed the question of whether a structure is a building, albeit for purposes other than General Statutes § 8-13a. In Katsoff v. Lucertini,141 Conn. 74, 78, 103 A.2d 812 (1954), the Connecticut Supreme Court found that a restrictive covenant prohibiting a building did not apply to a billboard sign. The court said "[b]illboards have been held to be included within the meaning of the word `structure.' However, while a building is always a structure, all structures are not buildings." Id., 78. In Middlesex Theatre. Inc. v.Hickey, 128 Conn. 20, 20 A.2d 412 (1941), there were seats attached to the ground, a movie screen, a projection booth and a CT Page 6115 surrounding fence. Ruling that the outdoor movie theater was not a building for the purposes of the building code, the court found it "difficult to believe that these fences, which are not walls intended or adapted to support a roof, constitute a building as that word is ordinarily defined." Id., 24. In Hendryx Co. v. NewHaven, 104 Conn. 632, 134 A. 77 (1926), the defendant built a conveyer above a public street to transport his products. The court rejected the plaintiff's argument that because "there are sections of this code in which `structure' is used as synonymous with `building,' [that] hence wherever `structure' is used it must be construed as meaning a building." Id., 642. In Spencer v.Board of Zoning Appeals, 141 Conn. 155, 104 A.2d 373 (1954), the defendants sought to convert property to a parking lot for a supermarket pursuant to an ordinance which allowed the extension of a building. The court rejected the argument stating "Webster defines the word `building' as a `fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts, or some other useful purpose.' Webster's New International Dictionary (2d Ed.). . . ." (Citation omitted.) Id., 162. See 5011 Community Organization v.Harris, 16 Conn. App. 537, 541, 548 A.2d 9 (1988) (menu board, microphone, lights and a brick trash enclosure are structures but not buildings and thus do not violate a restrictive covenant). See also Grogan v. Zoning Board of Appeals, Superior Court, judicial district of New London at Norwich, Docket No. 98506 (May 21, 1992, Purtill, J.) (board decision that deck is a building was legally untenable since definition in regulations deemed deck to be a structure); Sparacino v. Zoning Board, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 103562 (October 15, 1990, Nigro, J.) (court upholds board's decision that a child's play unit consisting of an eight square foot platform on four posts imbedded in cement is a building because the definition of building in regulations includes the word structure, and therefore does "not limit to what is ordinarily considered a building").
A review of the record does not find any evidence to support a finding by the defendant that the structure at issue in the present matter is a building for the purposes of General Statutes § 8-13a.[3] Unlike some of the regulations defined above, the defendant's regulations do not provide a definition for building. Although The Random House Dictionary definition of structure was i provided, the Random House Dictionary definition of building was not discussed nor made a part of the record. CT Page 6116 There was no evidence that the ZEO had ever treated this type of structure as a building. There is no indication that any of the board members found this structure to constitute a building. "A statutory term should be accorded its ordinary meaning according to the commonly approved usage of the language . . . and there is nothing in the statute to indicate that the word building is not to be taken in its ordinary and popular sense." (Citations omitted; internal quotation marks omitted.) Eastern ConnecticutCable Television v. Montville, 180 Conn. 409, 412, 429 A.2d 905
(1980). The court finds that this structure does not constitute a building as that word is ordinarily defined. Middlesex Theatre,Inc. v. Hickey, supra, 128 Conn. 24. Thus, General Statutes §8-13a does not apply to this structure.
C. Previous Regulatory Interpretation
The defendant also argues that the defendant's decision should be upheld because the ZEO and his predecessors have always considered a system such as this not to be subject to the setback requirements. "Because this interpretation has been uniform over a long period of time (R.9), it is likely that the practice has ripened into estoppel . . . ." (Defendant's Brief in Opposition to Motion to Strike, pp. 2-3.)
"Indeed, it has been said that where the governmental agency's time-tested interpretation is `reasonable' it should be accorded `great weight' by the courts." New Haven v. UnitedIlluminating Co., 168 Conn. 478, 493, 362 A.2d 785 (1975); Clarkv. Town Council, 145 Conn. 476, 485, 144 A.2d 327 (1958). "[B]ecause the local authority is closer to the circumstances and conditions which create the problem and shape its solution, zoning authorities are given wide discretion in determining public need and the means of meeting it." Fedorich v. ZoningBoard of Appeals, 178 Conn. 610, 614, 424 A.2d 289 (1979). It is, however, the role of the court to interpret the regulations.Spero v. Zoning Board of Appeals, supra, 217 Conn. 440.
The record indicates that the ZEO determined the system to be an integral part of the total electrical system of the Anthony residence, such as a heat pump, above-ground oil storage tank and air conditioner. (ROR, Items 7, 9, 11.) The record also reflects that during the public hearing, the ZEO said he did not consider the system to be a site improvement, appurtenance, structure or building and thus found the system not to be subject to the setback requirements. (ROR, Items 9; 11, pp. 6, 7.) The ZEO also CT Page 6117 said that his two predecessors had made the same determination regarding other similar items during their tenure. (ROR, Item 11, p. 6.) In fact, he said that after he sent the initial letter to the Anthonys requiring them to adhere to the setback requirements, the town planner questioned the ZEO's failure to treat this system as he had treated "other similar things." (ROR, Item 11, p. 7.) He said that some of these other similar things are located within the setback area, as is the system at issue here. All of the other items, however, are in close proximity to the building they service. (ROR, Item ll, p. 6.) He stated that he knew of only one other generator installed on residential property and it was situated in the setback area, along with the barn it is servicing. (ROR, Item 11, p. 6.) The court finds that while the record reflects that the ZEO has made determinations that "these other similar things" are not subject to the setback requirements, there is no evidence in the record that these "other similar things" are, in fact, similar to the system at issue in the present matter. The system at issue here consists of a generator, battery, slab, utility pole and fence. This group of items can be distinguished from an air conditioner and an above-ground oil tank. There is no evidence in the record of what, if any, other items are assembled with the other generator that is located on residential property. Even the ZEO initially did not consider this system to be similar to the other items, for he first informed the Anthonys this system had to comply with the setback requirements.
The court finds that the record before the defendant reflects that the ZEO has not interpreted the regulations in such a time tested manner to systems similar enough to this so that the setback requirements should not be applied to this system. The court finds that this assemblage of items is not similar to an oil tank, heat pump or air conditioner. See Fedorich v. ZoningBoard of Appeals, supra, 178 Conn. 614-15 (record showed the town had adopted a written policy interpreting the regulations to mean that prefabricated structures attached to cement footings would be considered dwellings and not trailers); New Haven v. UnitedIlluminating Co., supra, 168 Conn. 492 (thirty-year practice of public utilities commission interpreting its regulatory definition of municipality as applying only to cities with an electric plant was adopted by the court).
Thus, the court finds the record in the present matter does not support a finding by the defendant that the ZEO has over time consistently followed a policy not to apply the setback CT Page 6118 regulations to a system such as this.
The appeal is sustained.
Klaczak, J.