[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. INTRODUCTION
In 1997 Charter Development Corporation, et al, (plaintiffs) applied to the Clinton Planning and Zoning Commission (Commission) for approval of a subdivision plan on land located at 10 Settler's Lane in the Town of Clinton.
During the hearing process it was determined that the plaintiffs should return to the Wetland's Commission (Wetlands) for approval of certain changes.
The plaintiffs' complied with the requests and approval was granted by Wetlands. On October 14, 1997, the Commission approved said application for the subdivision with conditions, in a 6-0 vote of the members.
The Commission's approval of the subdivision was appealed to the Superior Court. The trial court, Quinn, J. held that the Commission never received a report from the Clinton inland wetlands agency, as is required pursuant to C.G.S. § 8-26 concerning subdivisions. The court in its decision of April 7, 1999, held that the statutes mandate that applications for inland wetland permits be filed with the appropriate agency prior to or at least on the same day as the applications are filed with the Commission. The court found that the record fails to disclose either a report or decision by the (wetlands) or its due consideration by the Commission as required by statute. The court held that by acting without such referral and report from the inland wetlands agency the CT Page 14656 Commission acted illegally and the appeal was sustained.
The plaintiffs returned to the Wetlands Commission and received unanimous approval of the revised application on February 3, 1998.
On April 28, 1999, the plaintiffs again filed with the Commission their application for subdivision, amended in accordance with the previous approval conditions and containing information relevant to the wetland commission's approval.
On September 13, 1999, the Commission, after conducting a public hearing as required, voted 3 to 3 to approve the application for a subdivision. Where there is a tie vote on a motion to approve an application, it amounts to a denial of the application. Jago-Ford v.Planning and Zoning Commssion of Town of Madison, 34 Conn. App. 402
(1994); Huck v. Inland Wetlands and Watercourses Agency of Town ofGreenwich, 203 Conn. 525, 533 (1987), Land Use Law and Practice, Fuller, Second Edition, § 21.7, 1999.
A review of the record compels this court to conclude that the first application approved on October 14, 1997, and the second application denied on September 13, 1999, are, for our purposes, similar.
II. ISSUE
Once an application for a subdivision is approved, does the Commission have the authority to reverse said approval when the re-application seeks substantially the same relief as that sought in the original (approved) application absent a change of conditions or other considerations which have intervened and which materially affect the merits of the matter decided.
The court must answer the inquiry in the negative.
III. JURISDICTION
General Statutes § 8-8 explicitly governs appeals from decisions of zoning commissions, planning commissions, combined planning and zoning commissions and zoning boards of appeal. Ensign-Bickford Realty Corp. v.Zoning Commission, 245 Conn. 257, 265 (1998). C.G.S. § 8-8 provides, in subsection (b), that any person aggrieved by any decision of a planning commission may take an appeal to the Superior Court for the judicial district in which the municipality is located. Id. 264.
A. AGGRIEVEMENT
CT Page 14657
Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs' appeal.Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192 (1996). Aggrievement is established if there is a possibility as distinguished from a certainty, that some legally protected interest has been adversely affected. A person does. not become aggrieved, however, until the agency has acted. Huck v. Inland Wetlands Watercourses, 203 Conn. 525, 530.
Aggrievement is the standard jurisdictional prerequisite to an appeal from an administrative agency decision. See Local 1303 Local 1378 v.FOIC, 191 Conn. 173, 177 (1983). Thus, the question of aggrievement is a jurisdictional one and claims of aggrievement present an issue of fact for the determination of the court, with the burden of proving aggrievement resting on the plaintiff who has alleged it. Nader v.Altermatt, 166 Conn. 43, 59 (1974). Aggrievement itself cannot be admitted. It is a legal conclusion for the court to make after proof. SeeI.R. Stitch Associates, Inc. v. Town of West Hartford, 155 Conn. 1, 3
(1967).
At the hearing before the court the plaintiff presented four exhibits and the record included a Real Estate Sales Agreement between the owner of the subject property and Charter Development Corporation wherein the latter agrees to purchase the property conditioned upon the approval of the subdivision. The agreement was pending from the time of the appeal and has been extended to December 31, 2000.
Accordingly, the court finds that plaintiffs have a legally protected interest that has been adversely affected by the denial of the subdivision application by the Commission. The court finds the plaintiffs to be aggrieved.
IV. SCOPE AND STANDARD OF REVIEW
An appeal from a decision of a planning commission on a subdivision application is taken pursuant to the provisions of C.G.S. § 8-8.
When a planning commission grants or denies a subdivision application it is acting in an administrative capacity and it must approve the plan if it complies with the applicable regulations. Reed v. Planning andZoning Commission, 208 Conn. 431, 433 (1988). The Commission's discretion is limited to determining whether the application conforms with the existing subdivision regulations. The commission cannot deny an application for a reason based upon a standard not contained in existing regulations. RK Development v. Planning Commission, 156 Conn. 369, 375-77
(1968). CT Page 14658
V. DISCUSSION
The application for a subdivision that was approved by the Commission in a 6 to 0 vote on October 14, 1997, is for our purposes, substantially the same application for a subdivision that was denied by the Commission in a 3 to 3 vote on September 13, 1999.
The court reviewed the entire record with emphasis on the minutes and the transcript of the public hearings held on June 7, June 14, July 12 and July 26, 1999. The court also reviewed the minutes of the regular monthly meeting of the Commission on September 13, 1999.
On the occasion of the vote on the second application, members commented on some of the lingering concerns they held relevant to the issues of open space, traffic, drainage and the proposed cul de sac. Whether the concerns expressed on September 13, 1999, originate from matters left unclear from the first application or are concerns which spring from a fresh review of the second application is of no moment. What is clear is that any lingering concerns the members hold do not originate from anything that has occurred or transpired since the approval of the subdivision on October 14, 1997.
Administrative agencies are "impotent to reverse [themselves] unless (1) a change of condition has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. Carlson v.Fisher, 18 Conn. App. 488, 497, citing Middlesex Theatre, Inc. v.Hickley, 128 Conn. 20, 22, 20 A.2d 412 [1941] and Hoffman v. Kelly,138 Conn. 614, 616-17, 88 A.2d 383 (1952). The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former. Carlson, supra, Fiorilla v.Zoning Board of Appeals, 144 Conn. 275, 279, 129 A.2d 619 (1957). It is a salutary principle of law that at least one of the two contingencies (change of condition/no other considerations materially affecting the merits of the subject matter had intervened) must ordinarily exist in order to justify an administrative agency in reversing itself. (Citation omitted). Otherwise, there would be no finality to the proceeding, and the first decision would be capable of change at the whim of the agency or worse still, through improper influence exerted on its members. (Citations omitted). Fiorilla, supra, 278-79.
In Grillo v. ZBA, 206 Conn. 362, 367 (1988) the court indicated, "Ordinarily, an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided. CT Page 14659
There is nothing in the comments of the members or in a review of the record that even suggests that there has been "a change of condition since the prior approval or that other considerations materially affecting the merits of the subject matter have intervened." In the language of Middlesex Theatre, Inc., the commission was "impotent to reverse (itself . . . ."
Accordingly, the court finds that the commission was without authority to deny the second application. The Commission did approve the subdivision application on October 14, 1997. The Commission was limited to determining whether or not the subdivision application complies with the subdivision regulations. The Commission unanimously found that the regulations were complied with and approved the application. Where a subdivision application meets the existing regulations of a planning commission, the commission must approve the application. It did so.
The relief sought in each application is substantially the same.
The appeal is sustained.
Miano, J.