THE DeFonce Construction Corporation *v.*
State of Connecticut
(12595)

Peters, C. J., Healey, Shea, Dannehy and Santaniello, Js.

Argued November 14—decision released December 24, 1985

*Martin F. Wolf* and *Carolyn K. Longstreth,* for the appellant (plaintiff).

*William J. White,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (state).

Santaniello, J. The sole issue raised in this appeal is whether General Statutes § 4-61 waives the state's sovereign immunity from claims arising under a contract for construction of a city bridge and city streets. The plaintiff, The DeFonce Construction Corporation (DeFonce), entered into a contract with the state for construction of a bridge and two streets in the city of Middletown. Alleging that the state had failed to perform certain

duties under the contract, DeFonce brought suit to recover monetary damages from the state. The state moved to dismiss the complaint on the grounds that it was immune from suit, that it had not consented to the bringing of this action, and that the contract was not within the scope of General Statutes § 4-61. The trial court granted the motion and the plaintiff appealed. We find no error.

The work done by the plaintiff was part of a federal program to aid urban development. The contract was entered into by the state pursuant to General Statutes § 13a-98i, which authorizes the state department of transportation to accept federal grants and to spend the funds on road improvement projects. Middletown requested the aid, agreed to maintain the improvements, and agreed to reimburse the state for any costs not covered by the federal program.

The plaintiff argues on appeal that General Statutes § 4-61 waived the state's sovereign immunity from suit under this contract.[1] General Statutes § 4-61 provides: "Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, *for the design, construction, repair or alteration of any state*

---

[1] On appeal, the plaintiff raised four additional claims of error: (1) that sovereign immunity was not a defense available to the state because the city of Middletown was obligated to reimburse the state for any judgment against it; (2) that General Statutes § 4-61, as applied by the trial court, denied the plaintiff its right to equal protection and substantive due process; (3) that the state should be equitably estopped from raising the defense of sovereign immunity; and (4) that the legislature impliedly consented to suit under this contract. The plaintiff, through counsel, conceded at oral argument that these issues were not raised below. We have said many times that only in the most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. See, e.g., *State* v. *Tyler-Barcomb,* 197 Conn. 666, 672, 500 A.2d 1324 (1985). Because the plaintiff has not raised any exceptional circumstances to warrant review of these claims, we will not address their merits.

*highway, bridge, building or other public works* may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for the judicial district of Hartford-New Britain for the purpose of having such claims determined. . . . " (Emphasis added.) The plaintiff claims that its contract was within the scope of the statute because it involved "public works." Essentially, it argues that the adjective "state" does not modify "public works" and that the construction under the contract could have been on a city bridge or street and still be within the reach of the statute.[2] The plaintiff points to the statute's plain language and legislative history in support of its statutory interpretation.

" 'It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of the legislature.' *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); 2A Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. In construing a statute, this court will consider its plain language, its legislative history, its purpose and the circumstances surrounding its enactment. *Peck* v. *Jacquemin,* 196 Conn. 53, 64, 491 A.2d 1043 (1985); *Dukes* v. *Durante,* 192 Conn. 207, 214–15, 471 A.2d 1368 (1984)." *State* v. *Parmalee,* 197 Conn. 158, 161, 496 A.2d 186 (1985). "[N]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . . " *Peck* v. *Jacquemin,* supra, 66, quoting *Winchester* v. *Connecticut State*

---

[2] The plaintiff makes no argument that the bridge and streets here were state owned. The plaintiff stated in its brief that the work under the contract was "to be done on two streets and a bridge located in and maintained by the City of Middletown." From this statement we infer that the plaintiff concedes that the project here involved a "city" bridge and "city" streets, and not "state" facilities. Ordinarily, a road, bridge or other facility is considered a "state" road, bridge or facility only if the state owns or maintains it. See General Statutes §§ 13a-16, 13a-20 (g).

*Board of Labor Relations,* 175 Conn. 349, 355–56, 402 A.2d 332 (1978). "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a). We cannot speculate as to what the legislature meant to say, we can only give effect to what it did in fact say. *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975).

It is well established that statutes in derogation of the state's immunity from suit should be strictly construed so that the state's sovereignty may not be undermined. *Berger, Lehman Associates, Inc.* v. *State,* 178 Conn. 352, 355–56, 422 A.2d 268 (1979); *Spring* v. *Constantino,* 168 Conn. 563, 570–71, 362 A.2d 871 (1975); 2A Sutherland, supra, § 58.04. "Under that rule of construction, the plaintiff must prove . . . that there is a precise fit between the narrowly drawn reach of the relevant statute, § 4-61, and the contractual language upon which the plaintiff depends. . . ." *Berger, Lehman Associates, Inc.* v. *State,* supra, 356.

Here, the plaintiff entered into a contract with the state for construction work, but the contract did not call for the type of work encompassed within the scope of § 4-61. The wording of the statute is very specific as to which contracts come within its reach: "for the design, construction, repair or alteration of *any state* highway, bridge, building or other public works . . . ." (Emphasis added.) The phrase "any state" modifies each of the nouns in the succeeding series, including "public works." See *Eastern Connecticut Cable Television, Inc.* v. *Montville,* 180 Conn. 409, 413, 429 A.2d 905 (1980). In short, the statute requires the contract to call for construction of a *state* road, bridge or other facility in order for the state's sovereign immunity to be waived as to claims under the contract. The plain-

tiff's contract, being for the construction of city streets and a city bridge, is not within the operation of the statute.

The plaintiff argues that the legislative history of General Statutes § 4-61 supports its position. The legislative history of the statute, however, does not reveal any intention on the part of the legislature to waive claims on contracts involving nonstate facilities. The section was enacted in 1957 because of the large number of claims against the state arising out of the construction of state highways at the time. 7 S. Proc., Pt. 3, 1957 Sess., p. 1636. The legislature wanted to reduce the number of petitions for permission to sue the state that it received involving suits over state construction contracts. 7 H. R. Proc., Pt. 4, 1957 Sess., p. 1937. The legislative history makes no mention of contracts involving nonstate facilities. In the absence of evidence of legislative intent to waive its immunity in cases such as this, we presume that the legislature meant to exclude such contracts from the operation of the statute.

The plaintiff has not demonstrated that its contract comes within the "narrowly drawn reach" of § 4-61. See *Berger, Lehman Associates, Inc.* v. *State,* supra. Thus, the trial court was correct in concluding that § 4-61 did not waive the state's immunity from suit under this contract. The plaintiff's suit against the state was therefore properly dismissed.

There is no error.

In this opinion the other judges concurred.