[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 3, 1990, petitioner Jeanette Johnson filed an appeal from a decision of Family Support Magistrate Harris Lifshitz rendered on February 23, 1990. Respondent Richard Johnson has filed a motion to dismiss this action for lack of subject matter jurisdiction. It is respondent's contention that the legislature, by enactment of Connecticut General Statutes Section 46b-231(n) of the Family Support Magistrate Act, has limited the superior court's jurisdiction to appeals instituted within fourteen days of the final decision of the family support magistrate. Petitioner's petition was filed well beyond the fourteen day period allowed by the statute rendering this court without jurisdiction according to the respondent.
The pertinent statutory language reads as follows:
 (n) Appeal procedure. (1) A person is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section.
 (2) Proceedings for such appeal shall be instituted by filing a petition and payment of a fifty-five dollar filing fee in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the family support magistrate division or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon.
Connecticut General Statutes Section 46b-231(n)(1) and (2) (rev'd to 1989).
While no caselaw is available to assist this court in the interpretation of this provision, the statutory directive is clear. The statute provides a fourteen day period following the filing of a final decision in which the petitioner may institute an appeal to this court. This was clearly not done in this case. "It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of legislature." DeFonce Construction Corporation v. State, 198 Conn. 185,187 (1985) (citations omitted). "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." Heiser v. Morgan Guaranty Trust Co.,150 Conn. 563, 565 (1963); Castro v. Viera, 207 Conn. 420, 427-28
(1988).
The petitioner's effort to seek judicial review of a final decision by the family support magistrate pursuant to Connecticut General Statutes Section 46b-231(n) is untimely. This court lacks jurisdiction to consider the appeal filed on May 3, 1990 and therefore respondent Richard Johnson's motion to dismiss is granted.
BYRNE, J. CT Page 3564