DUCCI ELECTRICAL CONTRACTORS, INC. *v.*
DEPARTMENT OF TRANSPORTATION
(10755)

DALY, FREEDMAN and CRETELLA, Js.

Argued May 4—decision released July 7, 1992

*James N. Royster,* for the appellant (plaintiff).

*George E. Finlayson,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

CRETELLA, J. Since 1983, the plaintiff has sought its day in court to litigate its claim against the defendant department of transportation (state) arising out of certain construction work it performed in the city of Hartford. Most recently, it attempted to reopen a 1988 judgment of dismissal pursuant to section 2 of No. 91-284 of the 1991 Public Acts (section 2).[1] The trial court, however, denied the plaintiff's motion to reopen the judgment because that judgment of dismissal was by stipulation of the parties. Because we conclude that

---

[1] Section 2 of No. 91-284 of the 1991 Public Acts provides: "If any action brought against the state prior to December 24, 1985 pursuant to section 4-61 of the general statutes with respect to a disputed claim under a contract with the state for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of any political subdivision of the state, has failed to be tried on its merits because the action has been dismissed by the superior court because such contract was not within the scope of said section 4-61 as it existed prior to the effective date of public act 86-253 on October 1, 1986, the person, firm or corporation bringing such action may, notwithstanding the provisions of section 52-212a of the general statutes, petition the court within ninety days of the effective date of this act to reopen such judgment."
The effective date of No. 91-284 of the 1991 Public Acts was July 1, 1991.

the judgment of dismissal in this case falls squarely within the terms of section 2, notwithstanding the fact that the judgment of dismissal was by stipulation of the parties, we reverse the judgment of the trial court and remand the case for further proceedings.

The following facts are relevant to our resolution of this appeal. The parties entered into a construction contract on May 22, 1978. Under that contract, the plaintiff was to perform certain traffic signal improvements on various municipal roads in Hartford. In 1983, after the work was completed, the plaintiff filed this action for disputed claims under the contract pursuant to General Statutes (Rev. to 1977) § 4-61.[2] In its first special defense, the state asserted that the plaintiff's action was barred by principles of sovereign immunity because the contract, being for work on municipal property and not state property, was not covered by the language of § 4-61.

In 1985, while this case was pending in the trial court, our Supreme Court decided *DeFonce Construction Corporation* v. *State*, 198 Conn. 185, 501 A.2d 745 (1985), which held that § 4-61, as it existed at the time, waives the state's immunity from claims arising under a construction contract only where the contract involves work on a state road, bridge or other public works, and not where the contract calls for work on a municipal road, bridge or other facility. In 1986, the legislature amended § 4-61 to permit an action against the state regardless of whether the state or one of its political

---

[2] General Statutes (Rev. to 1977) § 4-61 provided in pertinent part: "Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, repair or alteration of any state highway, bridge, building or other public works may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for Hartford county for the purpose of having such claims determined . . . ."

subdivisions owned the property on which the work was done.[3] That amendment, however, did not apply retroactively to affect the plaintiff's case.

In August, 1987, the state filed a motion to dismiss based on *DeFonce Construction Corporation.* As of January 25, 1988, the date of the short calendar hearing on the motion to dismiss, the plaintiff had not filed a memorandum of law in opposition to the defendant's motion.[4] On March 1, 1988, the trial court, *A. Aronson, J.,* granted the motion to dismiss on the basis of the plaintiff's failure to file its opposition to the motion in a timely manner. See *Burton* v. *Planning Commis-*

---

[3] General Statutes (Rev. to 1987) § 4-61 provided in pertinent part: "Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state or any political subdivision of the state may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for the judicial district of Hartford-New Britain for the purpose of having such claims determined."

[4] Although the plaintiff did not file any opposition to the pending motion to dismiss prior to the short calendar hearing, the plaintiff did not ignore the motion. Since the plaintiff recognized that judicial interpretation of the relevant statute barred its claim, it sought to revive its claim in the legislative arena. On January 26, 1988, the plaintiff filed a motion to stay proceedings claiming that "there [was] presently before the 1988 legislative session a proposed bill that will in effect make the change in the law to specifically include DOT contracts involving city and municipal property retroactively effective." The motion was never acted on by the trial court.

The proposed bill mentioned in the motion for stay was not enacted in the 1988 legislative session. The plaintiff, however, was able to have the legislature pass Special Acts 1988, No. 88-30, which purported to validate its 1986 claim filed with the commissioner of claims which had been dismissed in 1987 by the commissioner of claims as beyond the one year time limitation specified in General Statutes § 4-148 (a). Although the commissioner of claims later granted the plaintiff permission to sue the state based on the special act, the subsequent lawsuit on the claim was dismissed by the trial court, *Freed, J.,* on April 26, 1990, after the court concluded that Special Acts 1988, No. 88-30, was unconstitutional based on *Chotkowski* v. *State,* 213 Conn. 13, 566 A.2d 419 (1989).

*sion,* 13 Conn. App. 400, 401–402, 536 A.2d 995 (1988), aff'd, 209 Conn. 609, 553 A.2d 161 (1989).[5]

On March 10, 1988, the plaintiff filed a motion to open the dismissal together with a motion for judgment of dismissal in accordance with a stipulation. Both motions were granted by the trial court, *Purtill, J.,* on March 14, 1988. Accordingly, judgment of dismissal was rendered in accordance with the stipulation of the parties, which provides, inter alia, that "[p]ursuant to the Supreme Court's decision in *DeFonce Construction Corporation* v. *State of Connecticut,* 198 Conn. 185, 501 A.2d 745 (1985), the plaintiff's action against the State of Connecticut was not within the scope of the version of Conn. Gen. Stat. section 4-61 which was effective and applicable on the date of [the] plaintiff's aforesaid contract with the defendant."[6]

In 1991, the plaintiff again; see footnote 4, supra; went to the legislature to obtain authorization for this contract action. It initiated the amendment to a bill

[5] In 1988, Practice Book § 143 provided in relevant part that "[a]n adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." An amendment to this rule effective October 1, 1989, deleted this portion of § 143.

[6] The entire stipulation of the parties reads as follows:

"1. The plaintiff and [the] defendant entered into a contract on May 22, 1978, whereby the plaintiff was to perform certain traffic signal improvements at various locations in the city of Hartford.

"2. The plaintiff initiated this action for breach of contract against the defendant in March, 1983.

"3. The defendant, State of Connecticut, by virtue of its sovereign immunity, is immune from suit and may not be sued without its consent.

"4. Pursuant to the Supreme Court's decision in *DeFonce Construction Corporation* v. *State of Connecticut,* 198 Conn. 185, 501 A.2d 745 (1985), the plaintiff's action against the State of Connecticut was not within the scope of the version of Conn. Gen. Stat. section 4-61 which was effective and applicable on the date of [the] plaintiff's aforesaid contract with the defendant.

"5. For the above reasons, the parties hereby stipulate and agree that a judgment dismissing this action may be entered by the Court."

altering § 4-61, which amendment became section 2. See footnote 1, supra. According to its legislative history, the purpose of section 2 is to allow construction firms whose claims regarding work on municipal projects were filed prior to the *DeFonce Construction Corporation* decision "to continue to press their claims." 34 H.R. Proc., Pt. 22, 1991 Sess., pp. 8538–39, remarks of Representative Robert D. Godfrey.

On June 21, 1991, the plaintiff filed a motion to reopen the judgment of dismissal based on section 2. In its motion, the plaintiff asserted that the trial court had rendered a judgment of dismissal "because said action was not within the scope of General Statutes § 4-61 as it existed prior to the effective date of [Public Acts 1986, No.] 86-253." The state did not file any opposition to the motion to reopen the judgment. The trial court, *A. Aronson, J.,* denied the motion noting that judgment of dismissal on March 14, 1988, was by stipulation of the parties. This appeal followed.

Although the plaintiff filed its motion to reopen the judgment after the passage of section 2 but before its effective date, the state notes in its appellate brief only that the motion was filed "too early." The state does not attach any significance to the early filing of the motion. Because the premature filing of the plaintiff's motion may arguably implicate the subject matter jurisdiction of the trial court, we must first discuss whether the premature filing of the motion to reopen prevented the court from affording relief under section 2.

A reviewing court should indulge every presumption in favor of a trial court's subject matter jurisdiction. *Miko* v. *Commission on Human Rights & Opportunities,* 220 Conn. 192, 198, 596 A.2d 396 (1991). In determining the scope of the trial court's exercise of jurisdiction pursuant to statute, we will " 'look through the literal meaning of words and forms of procedure

to the essential purposes to be served.' " *Tramontano v. Dilieto,* 192 Conn. 426, 433, 472 A.2d 768 (1984); *Conners* v. *New Haven,* 101 Conn. 191, 198, 125 A. 375 (1924); *In re Adrien C.,* 9 Conn. App. 506, 510, 519 A.2d 1241, cert. denied, 203 Conn. 802, 522 A.2d 292 (1987). This is especially true where, as here, the limited legislative history pertaining to section 2 makes it abundantly clear that the legislature intended section 2 to permit the exercise of trial court jurisdiction over claims like the one presented by the plaintiff in this case. See 34 H.R. Proc., Pt. 22, 1991 Sess., pp. 8538–39. With this in mind, we now determine whether the premature filing of the motion to reopen prevented its consideration by the trial court pursuant to section 2.

Section 2 did not require the plaintiff to *file* its motion within ninety days of July 1, 1991. Rather, it authorized the plaintiff to *petition* the court within ninety days of July 1, 1991. Where the plaintiff's motion was pending on July 1, 1991, and was thereafter heard and determined by the trial court on September 2, 1991, within the statutory period, the plaintiff satisfied the statutory requirement to "petition the court within ninety days of the effective date" of section 2. Cf. *Home Oil Co.* v. *Todd,* 195 Conn. 333, 343–44, 487 A.2d 1095 (1985) (holding that a premature jury trial request remains on file as a continuing request until it becomes ripe when an issue of fact is joined). Consequently, under the circumstances of this case, the premature filing of the motion to reopen by the plaintiff did not deprive the court of jurisdiction to consider the motion pursuant to section 2.

We now turn to the question of whether the trial court properly denied the motion to reopen. "Once a judgment has been rendered it is to be considered final and it 'should be left undisturbed by post-trial motions except for a good and compelling reason.' *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 713, 462

A.2d 1037 (1983). . . . A motion to open and vacate a judgment is addressed to the discretion of the trial court, and we will not disturb the action of the trial court on appeal unless it acted unreasonably and in clear abuse of its discretion." *TLC Development, Inc.* v. *Planning & Zoning Commission,* 215 Conn. 527, 533–34, 577 A.2d 288 (1990); *Northeast Enterprises* v. *Water Pollution Control Authority,* 26 Conn. App. 540, 545, 601 A.2d 563 (1992). Such discretion, however, imports something more than leeway in decision-making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice. *Society for Savings* v. *Stramaglia,* 25 Conn. App. 688, 692, 596 A.2d 20 (*Cretella, J.,* dissenting), cert. granted, 220 Conn. 926, 598 A.2d 367 (1991).

Stripped down to its essential terms, section 2 provides that a judgment of dismissal in a construction contract action brought under § 4-61 prior to December 24, 1985, may be opened upon the filing of a petition within ninety days of the effective date of the act *if* the reason for the dismissal was "because such contract was not within the scope of said section 4-61 as it existed prior to the effective date of public act 86-253 on October 1, 1986." Under section 2 as it applies to the circumstances of this case, whether a prior judgment of dismissal should be opened, therefore, turns on the *reason* for the dismissal. In this case, the judgment of dismissal was rendered in accordance with the stipulation of the parties. That stipulation succinctly stated the reason for dismissal: "Pursuant to the Supreme Court's decision in *DeFonce Construction Corporation* v. *State of Connecticut,* [supra], the plaintiff's action against the State of Connecticut was not within the scope of the version of Conn. Gen. Stat. section 4-61 which was effective and applicable on the date of [the] plaintiff's

aforesaid contract with the defendant." This reason tracks the qualifying language of the 1991 legislative enactment in all material respects.

The trial court, however, denied the motion to reopen because the judgment of dismissal was based on a stipulation of the parties. The state relies on *Solomon* v. *Keiser,* 22 Conn. App. 424, 577 A.2d 1103 (1990), to support the contention that a stipulated judgment of dismissal cannot be opened even if it falls within the terms of section 2.

In *Solomon,* we determined that the trial court lacked jurisdiction to open a stipulated judgment pursuant to Practice Book § 326[7] because more than four months had elapsed since the rendering thereof. Although we recognized that stipulated judgments "may be opened upon motion of one of the parties even after the four month period has elapsed, but only if the movant can show that the judgment was obtained by fraud, duress, accident or mistake"; id., 427; we found no such exceptional circumstances present in that case. A careful reading of *Solomon,* however, makes clear that this discussion of exceptional circumstances was undertaken in the context of our discussion of that portion of Practice Book § 326 that prohibits opening judgments more than four months after their rendition "[u]nless otherwise provided by law." Thus, while our common law provides for the belated opening of a stipulated judgment "only if the movant can show that the judgment was obtained by fraud, duress, accident or mistake"; id.; it in no way prevents the legislature from also

---

[7] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."

"otherwise provid[ing] by law." Practice Book § 326. In 1991, the legislature expressly so "otherwise provided" by enacting section 2. Consequently, the fact that the judgment of dismissal sought to be reopened by the plaintiff was rendered in accordance with the stipulation of the parties is of no significance.

While the plaintiff's action may have been dismissed *on the basis of* the stipulation of the parties, it was nonetheless dismissed *because* the action was not within the scope § 4-61 as it existed prior to October 1, 1986. As such, the stipulated dismissal in this case fell squarely within the express terms of section 2, authorizing the opening of the judgment. While a motion to reopen a judgment " 'should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty to do so.' " *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* supra, 710–11. This is just such a case. The trial court abused its discretion by not giving effect to the intention of the legislature as expressed in section 2, and by failing to reopen the judgment of dismissal in this case.

The judgment is reversed and the case is remanded with direction to open the judgment of dismissal and for further proceedings.

In this opinion the other judges concurred.