[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE DISMISSAL
It should first be noted that the defendant, Lee Mitchell, argues that the plaintiffs lack standing to bring a motion to set aside the dismissal in that they were nonsuited on March 9, 1992. However, since the present action was dismissed pursuant to Practice Book 251 subsequent to the nonsuit judgment, the proper procedural steps are to (1) move to set aside the dismissal, and (2) move to open the nonsuit judgment. See CT Page 2933 Practice Book 326, 377; General Statutes 52-212a, 52-212. The court will address the merits of the plaintiffs' motion.
The defendant, Lee Mitchell, asserts that the motion to set aside the dismissal should be denied in that the legal authority provided by the plaintiffs, Nick and Tina Marks, is Practice Book 377 and said section does not provide the court with authority. However, where the motion, as supplemented by supporting documents, sufficiently apprises the court of the nature and grounds of the party's motion, the motion will not be denied for failure to identify the proper authority for such motion. See Rowe v. Godou, 12 Conn. App. 538, 541-544,532 A.2d 978 (1987), reversed on other grounds, 209 Conn. 273,550 A.2d 1073 (1988).
Although the plaintiff asserts that the motion is brought pursuant to Practice Book 377, such motion is labeled "motion to set aside dismissal" and states that the plaintiff "requests that the dismissal . . . be set aside." The affidavit in support of the motion claims that the case was exempted from the dormancy calendar and later dismissed erroneously. The defendant vigorously contests the "erroneous dismissal" claim. However, the motion sufficiently apprises the court that it is not brought pursuant to Practice Book 377, but rather is a motion to set aside a judgment of dismissal.
The power of the court to set aside a judgment of dismissal pursuant to Practice Book 251 is governed by General Statutes52-212a and Practice Book 326.
General Statutes 52-212a provides that:
 [u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court. CT Page 2934
Practice Book 326 provides that:
 [u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
 Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court.
"`Once a judgment has been rendered it is to be considered final and it "should be left undisturbed . . . except for a good and compelling reason." Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 462, A.2d 1037 (1983). . . .'" Ducci Electrical Contractors, Inc. v. Dept. of Transportation,28 Conn. App. 175, 181-82, 611 A.2d 891 (1992), quoting TLC Development, Inc. v. Planning Zoning Commission, 215 Conn. 527,533-34, 577 A.2d 288 (1990). "Within four months of the date of the original judgment, Practice Book 326 [and General Statutes 52-212a] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." (Citations omitted.) Hirtle v. Hirtle, 217, Conn. 394, 398, 586 A.2d 578 (1991).
A review of the file reveals that an order entered after hearing granting plaintiffs a $125,000.00 prejudgment attachment of defendants' real estate. Thereafter, plaintiffs filed motions for default for defendants' failure to plead and an objection to defendants' request to revise which was sustained. however, a nonsuit was entered on March 9, 1992, for plaintiffs' failure to comply with discovery which plaintiff states was compiled with on that very same date. CT Page 2935 Plaintiff filed a motion to reopen the nonsuit on April 23, 1992 after receiving court notice that same had entered. Plaintiff reclaimed said motion on May 27, 1992 and June 25, 1992 but maintains that same was not argues because the file was not available. These claims are butressed by Plaintiff's Motion to Reconstruct the file which appears of record and his letter to the court "enclosing copies of the reconstructed pleadings."
Judgment dismissing the action for dormancy entered on June 26, 1992. Plaintiff filed this motion to set aside the dismissal within the four month period on October 15, 1992.
The Motion to Set Aside Dismissal is granted and the objection to same is overruled.
BALLEN, JUDGE