[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action for the foreclosure of a mechanic's lien, the defendant property owner has filed a motion for the discharge of the mechanic's lien filed by the plaintiff. The parties have stipulated that: (1) the plaintiff completed work at the property on July 7, 1993; (2) the plaintiff caused the mechanic's lien to be recorded in the Fairfield Land Records on October 5, 1993; and (3) the defendant property owner was served with a copy of the lien on October 29, 1993. The parties further stipulated that service of the lien on the defendant was made within thirty days of the recording of the lien in the land records, but this service was not made within ninety days of the completion of the work at the property. CT Page 6458
The parties disagree with respect to the proper interpretation of General Statutes § 49-34 relating to recording and serving of the mechanic's lien. The defendant contends that the plaintiff's mechanic's lien is invalid because it was not served on the defendant property owner within the ninety-day period following completion of the work. The plaintiff claims that service of the mechanic's lien on the property owner within the ninety-day period is not required under the statute.
General Statutes § 49-34 set forth two requirements for the validity of a mechanic's lien:
 A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing . . . and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35.
(Emphasis added.) The issue between the parties is whether the requirement in subsection two that the mechanic's lien be served on the property owner "within the same time," i.e., within the ninety days following completion of the work, is overridden by the subsequent clause "or prior to the lodging of the certificate but not later than thirty days after lodging the certificate . . ." Both counsel agree that there is no case law in Connecticut where this issue has yet been decided.
The plaintiff contends that her mechanic's lien is valid because it was served on the defendant within thirty days after it was recorded in the land records. Because it was so served, she claims, it is valid despite the fact that service was not made within the ninety-day period. The problem posed by the plaintiff's interpretation is that it renders meaningless the specific requirement at the very beginning of subsection two that the lien be served "within the same time . . .," i.e., within CT Page 6459 ninety days. It is axiomatic that statutes should be interpreted to give effect to each of the words employed by the legislature in drafting the statute. No portion of a statute is to be treated as insignificant or unnecessary. DeFonceConstruction Corp. v. State, 198 Conn. 185, 187-188 (1985).
Under the defendant's interpretation, all words used in the statute are given effect: General Statutes § 49-34(2) sets forth two concurrent requirements with respect to serving the lien on the property owner. The first requirement is that service be made within ninety days of the completion of the work. The second requirement is that service be made either before or within thirty days after the lien is recorded in the land records. To be valid, both service requirements must be satisfied. This interpretation gives effect to all words in the statute. It also reasonably requires the party claiming the lien to perfect it in all ways within ninety days and further requires that service of the lien be made within thirty days of recording so that the property owner has prompt notice of the filing of the lien.
The court finds that the defendant's interpretation of the statute is the better-reasoned and gives full effect to all words in the statute. The court finds that the statute requires that a mechanic's lien be served on the property owner within ninety days of completion of the work. Because the plaintiff failed to make service within such period, the plaintiff's lien is invalid. A lienor must comply with all statutory requirements to perfect his claim. H S Torrington Associatesv. Lutz Engineering Co., 185 Conn. 549, 553 (1981).
Accordingly, the defendant's motion for discharge of mechanic's lien is granted by the court.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 6460