[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two cases are appeals from an order of the defendant Freedom of Information Commission ("FOIC") to disclose a police incident report (the "Report") concerning an alleged incident at the Middlebury home of Deborah Rowland, ex-wife of Governor John G. Rowland. Both appeals have been assigned to the undersigned CT Page 3677 for final disposition. After the plaintiffs had filed their briefs in accordance with a briefing schedule set by the court, but prior to the date set for the filing of the defendants' briefs, the Hartford Courant and its reporters Craig W. Baggott and David Fink (together referred to as the "Courant") and the FOIC filed motions for leave to inspect the administrative record under seal. The defendants seek the opportunity to have their attorneys review the Report, the disclosure of which is at issue in these appeals. The Report, which is part of the record in these administrative appeals, has been sealed by order of the court and is in the custody of the clerk of the court. Counsel for the plaintiffs Police Chief Patrick J. Bona and Governor Rowland filed written objections to the motions. All of the parties were heard at oral argument on the motions and objections.
The threshold issue before the court is whether the court has the authority to permit counsel for the FOIC and the Courant to inspect the Report. General Statutes § 1-21i(d) provides in part as follows:
 (d) Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183. Notwithstanding the provisions of section 4-183, in any such appeal of a decision of the commission, the court may conduct an in camera review of the original or a certified copy of the records which are at issue in the appeal but were not included in the record of the commission's proceeding, admit the records into evidence and order the records to be sealed or inspected on such terms as the court deems fair and appropriate, during the appeal.
All but the first sentence of this provision was enacted by the legislature as Public Acts 1987, No. 87-526. Although it is clear that the principal change in Public Act 87-526 was to provide the court with the right to an in camera review of the record which is the subject of the FOIC appeal, the legislative history is silent as to the meaning or intent of the concluding language that the court may "order the records to be sealed or inspected on such terms as the court deems fair and appropriate during the appeal." The parties disagree as to the proper interpretation of this statutory language.
In construing a statute, courts must start with the CT Page 3678 language used by the legislature. West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 508 (1994).
 [T]he intent of the legislature is to be found not in what it meant to say but in what it did say . . . A primary rule of statutory construction is that if the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature . . . and there is no need to construe the statute . . .
(Citations omitted.) Federal Aviation Administration v.Administrator, 196 Conn. 546, 550 (1985). It is axiomatic that statutes should be interpreted to give effect to each of the words employed by the legislature in drafting the statute. No portion of a statute is to be treated as insignificant or unnecessary. DeFonce Construction Corp. v. State, 198 Conn. 185,187-188 (1985).
The court finds that the clear language of Public Act 87-526 gives the court the authority to order inspection of the Report by counsel for the parties "on such terms as the court deems fair and appropriate during the appeal." Although there are no reported cases interpreting the provision and none of the parties or the court found analogous provisions in federal law or the laws of any other states, the language of the statute is clear.
The argument of the plaintiff Bona that this provision provides for inspection by only the court is not persuasive. The court's right to an in camera review is established in the beginning of this new provision and the ending words "order the records to be sealed or inspected on such terms as the court deems fair and appropriate" would be superfluous if the intent were to give only the court the right to inspect the record.
Rowland's contention that the court has the right to permit inspection by court personnel but not by the parties, is also unpersuasive. First, there is no language in the statute which supports such an interpretation. Secondly, the language actually employed by the legislature contains no limitation whatsoever with respect to inspection of the record in question. Accordingly, the identity of the persons to be permitted inspection is for the court to decide within its discretion. The court has the authority to permit the parties to an FOI CT Page 3679 appeal to inspect the document in dispute on terms which the court finds fair and appropriate.
The plaintiff Rowland also argues that the Courant and the FOIC have waived any right they might have to examine the disputed police report. The argument is that by waiting until after the court entered a scheduling order and after the plaintiffs filed their briefs, the defendants waived their right to inspect the document.
Waiver is the intentional relinquishment of a known right.Dragan v. Connecticut Medical Examining Board, 223 Conn. 618,629 (1992). The failure of the defendant to seek inspection of the Report until it was time for them to prepare their briefs does not constitute waiver. Any prejudice that the plaintiffs might claim because their briefs were filed prior to the court deciding whether the defendants could inspect the Report can be resolved by giving the plaintiffs the opportunity to file a reply brief responding to the defendants' briefs.
One of the plaintiffs' contentions in these appeals is that the Report is exempt from disclosure under General Statutes § 1-19(b)(3)(G), which exempts from public disclosure records of law enforcement agencies which contain uncorroborated allegations which are subject to destruction under General Statutes § 1-20c. During earlier proceedings in the Bona file, the court conducted an in camera review of the Report in accordance with the provisions of General Statutes § 1-21i(d). After the review, the court found that there was a substantial likelihood that the plaintiff would prevail on his claim that the Report is exempt from disclosure under General Statutes § 1-19(b)(3)(G).
This prior history forms part of the basis of the Courant's argument for inspection of the Report. Counsel for the Courant contends that because the Report has already been reviewed by counsel for Chief Bona, counsel for the FOIC and the judge who will decide the case, and because it must be presumed that Rowland has at least a general knowledge of the content of the Report so that he can discuss the same with his counsel, counsel for the Courant is the only participant in these appeals who must address the issue of whether the Report is exempt from disclosure without having seen the Report. He contends that his inability to see the Report under these circumstances raises issues of fundamental fairness and due process of law. (The court notes that counsel for the Courant has represented in his CT Page 3680 motion that he will not disclose the content of the Report to anyone, including his three clients, if he is permitted to examine it. This representation is of critical importance to the court and will be addressed more fully below.)
The plaintiffs' principal concern in opposing the motions to inspect the Report is that the content of it will somehow be disclosed prior to the court's final ruling in these appeals. The court shares that concern, but believes that the likelihood of disclosure can be very substantially minimized through the imposition by the court of terms designed to ensure that the content of the Report remains confidential until there is a final ruling in these cases.
Informed legal argument from counsel for the parties would be of assistance to the court in deciding the issues in these appeals, particularly the issue of whether the Report is exempt from public disclosure under General Statutes § 1-19(b)(3)(G). The court cannot secure informed argument from counsel for the Courant unless counsel has the opportunity to inspect the Report. To deny that opportunity under these circumstances would be fundamentally unfair. In balancing the court's needs and fundamental fairness to the parties against the legitimate concern that disclosure of the Report to counsel makes more likely its unauthorized disclosure, the court finds in favor of its own needs and fairness to the parties because the risk of unauthorized disclosure can be very substantially minimized by the terms of inspection which will be imposed by the court.
Accordingly, the court will permit inspection of the Report in accordance with the following order:
1. One attorney for each of the parties to these appeals may inspect the Report in the Waterbury Clerk's office by making an appointment to do so with Chief Clerk of the Court Philip H. Groth or Deputy Chief Clerk Richard L. Haas. Unless otherwise approved by the court in advance, the only attorneys who may inspect the Report are Mr. Elliot, Ms. Murphy, Mr. James Smith and Mr. Robertson. Only one attorney at a time will be permitted to inspect the Report. Mr. Groth or Mr. Haas will remain in the room with counsel while counsel inspects the Report. The inspection time for each attorney shall not exceed thirty minutes. CT Page 3681
2. Counsel who inspect the Report shall not make a photocopy nor use any other mechanical means to reproduce all or any part of the Report. Counsel may take written notes with respect to the content of the Report; however, counsel shall seal any such notes upon the conclusion of the inspection and such notes shall remain sealed and at all times in the personal possession of the attorney who made the notes. Such notes may be unsealed only by such attorney and only for the purpose of preparing a brief for the court in these appeals or for preparation for oral argument of these appeals. The notes shall be promptly resealed by the attorney after using them for the brief or oral argument.
3. Each attorney who inspects the Report shall not discuss, refer to or disclose in any manner any part of the contents of the Report to or with anyone, including the client or clients of that attorney. If the attorney who inspects the Report needs the typing or word processing assistance of another person to prepare a brief which addresses the content of the Report, the assistant shall be an employee of the attorney or the attorney's law firm and such person shall sign a written statement acknowledging that he or she has received a copy of these court orders and understands that these orders apply to such person and prohibit that person from discussing, referring to or disclosing the contents of the brief and the Report in any manner to or with anyone. The court will hold the attorney responsible for any disclosure made by such assistant in the same way that Rule 5.3 of the Rules of Professional Conduct makes an attorney responsible for the conduct of non-lawyer assistants.
4. Any attorney who wishes to address the content of the Report in a brief for the court shall do so only in accordance with these orders. That portion of the brief which addresses the content of the Report shall be separated from the balance of the brief and hand-delivered by the attorney or by a messenger employed by the attorney in a sealed envelope marked "personal and confidential" to each other counsel of record and to clerk Pamela Longwell for Judge Vertefeuille. The attorney shall give prior notice to each other attorney and Ms. Longwell of the attorney's intention to file such a sealed brief so that counsel and the court can take the appropriate precautions to ensure the confidentiality of the brief. CT Page 3682
5. Any attorney who wishes to address the content of the Report at oral argument shall notify the court and all counsel of record at least two days in advance of the argument. The notice shall state the amount of time which is requested for addressing the content of the Report. The court will hear such argument in a courtroom closed to the public at the conclusion of argument with respect to the other issues of appeal, which shall be open to the public.
6. Each of the foregoing terms of inspection constitutes an order of this court. Any violation of any of these orders will expose counsel and/or the parties to punishment through the contempt powers of the court. The court recognizes that counsel may object to one or more of the specific terms imposed by the court. However, counsel must nevertheless comply with all of the terms in order to be able inspect the Report. Therefore, each counsel who inspects the Report must first provide the Chief Clerk or Deputy Chief Clerk with a written statement acknowledging that the lawyer agrees to be bound by all of the terms of this order.
The scheduling order previously issued by the court is amended as follows: (1) briefs of the defendants shall be filed on or before April 28, 1995; (2) reply briefs by the plaintiffs shall be filed on or before May 12, 1995; (3) these cases are assigned for trial on Tuesday, June 20, 1995, at 10:00 a.m., at a courtroom to be assigned by the clerk.
/s/ Vertefeuille, J. VERTEFEUILLE