[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff brings this action seeking a temporary injunction to restrain defendant from "causing, permitting, participating in or sanctioning actions which. . . are likely to result in the killing of fawn deer." Defendant moves to dismiss because the court lacks subject matter jurisdiction for a variety of reasons. This action was commenced by service of process on December 12, 1997.
Facts Alleged
The plaintiff is a Connecticut non-profit organization, dedicated to public education and animal protection. Some of its members are Connecticut residents.
The defendant is Commissioner of the Department of Environmental Protection and is the administrative head of the State Department of Environmental Protection (Department) which has jurisdiction over all matters relating to the preservation and protection of the air, water, and other natural resources of the state, pursuant to Conn. Gen. State. Sec. 22a-2 (a).
The plaintiff has standing to bring suit for declaratory and equitable relief against defendant pursuant to C.G.S. § 22a-16.
On January 2, 1996, the Department pursuant to Conn. State Reg. Sec. 26-86a-11 and Special Regulations Sec. 23-4-4, implemented a controlled hunt (Hunt #1) at Bluff Point Coastal Reserve in Groton, Connecticut.
Hunt #1 involved hunters licensed by the Department, chosen by a lottery system conducted by it and conducted under its supervision. It lasted 8.5 days.
In that hunt, 53 fawn deer were killed by said hunters with full knowledge of the Department staff. Immediately after the hunt, on January 12 1996, the Department staff killed 1 additional fawn deer. These killings resulted in the complete destruction of the fawn deer population in that area.
The Department claims the authority to implement future deer reduction measures at Bluff Point Coastal Reserve during any year, by any legal method, to remove as many deer as the Commissioner deems necessary.
On September 18, 1996, the Department began a controlled archery hunt (Hunt #2) in the Groton Long Point Community CT Page 4104 Wildlife Refuge.
Hunt #2 involved hunters licensed by the Department, chosen by a lottery system conduct by it and conducted under its supervision. Hunt #2 lasted through December 7, 1996.
During the period of Hunt #2, 3 fawn deer were killed by hunters with full knowledge on the part of the Department. This killing resulted in the complete destruction of the fawn deer population in that area.
The DEP engaged in another controlled archery hunt (Hunt #3) in the Groton Long Point Community Wildlife Refuge. This hunt was scheduled to continue until December 21, 1997.
The responsibility for enforcing compliance with state environmental laws, statutes and regulations pertaining to wildlife rests with the defendant, Department, under Conn. Gen. Statutes. Sec. 22a-2, 22a-5, 22a-5a and Conn. Regs. Secs. 22a-1-1,22a-1a-3, 23-4-1, 23-4-4, 26-86a-11.
In causing, permitting, or otherwise participating in the killing of fawn deer by the implementation of controlled hunts at Bluff Point Coastal Reserve and Groton Long Point the defendant has violated, is violating and unless restrained by this court will continue to violate the provisions of Conn. Gen. Stat. 22a-16
in one or more of the following ways:
 a. The defendant' s conduct is reasonably likely to unreasonably impair or destroy the public trust in wildlife, a natural resource of the state;
 b. The defendant s conduct is reasonably likely to unreasonably impair or destroy the public trust in wildlife, a natural resource of the state, in that the killing of fawn deer is a violation of Conn. Gen. Stat. Sec. 26-86f.
The plaintiff is threatened with immediate and irreparable injury if the defendant is permitted to continue the controlled archery hunt at Groton Long Point Wildlife Refuge or commence another hunt or engage in the killing of deer at Bluff Point Coastal Reserve and the plaintiff has no adequate remedy at law. CT Page 4105
In addition the court has read the affidavit submitted by plaintiff and the two submitted by defendant. The court also held a hearing in regard to the present motion.
The defendant contests many of these factual allegations.
It is a criminal offense to kill fawn deer. C.G.S. § 26-86f. The penalty is set out in C.G.S. § 26-90.
 LAW I. Justifiable Controversy
No hunts are now taking place; none are scheduled and none are planned to take place at any specific time in the future. Because of that situation defendant claims that there is now no justifiable controversy and thus the question is moot. As a result defendant says plaintiff has no standing.
There is an exception to this rule. Even if there are now no hunts ongoing, scheduled or planned for a specific time, it is clear that the hunts plaintiff seeks to enjoin are not only capable of repetition but the Department's regulations establish future hunts as a policy. Thus, hunts are capable of repetition and almost certainly will recur.
From the record, including the Dot Hayes affidavit the hunts could easily avoid review.
In addition, for an issue to be justifiable it must lead to some practical relief to the plaintiff. Hallas v Windsor,212 Conn. 338, 347. The present issue is not academic and an injunction is capable of leading to practical relief to plaintiff to prevent the injury to some of our natural resources.
II. Statutory Right of Action
The plaintiff claims standing under C.G.S. § 22a-16. That section provides that any person may sue the state for declarative and injunctive relief to protect the public trust in the natural resources of the state. This it has alleged and so has standing. Manchester Environmental Coalition v. Stockton,184 Conn. 51, 56-57.
III. Sovereign Immunity
The legislature has given standing to the plaintiff under CT Page 4106 C.G.S. § 22a-16 and this is an exception to the imposition of the doctrine of sovereign immunity. White v. Burns,213 Conn. 307, 312. It is true that this statute is in derogation of the state's immunity from suit and must be strictly construed.DeFonce Construction Corporation v. State, 198 Conn. 185, 188.
IV. Enforcement of C.G.S. § 26-86f
No one is allowed to kill fawn deer in Connecticut. C.G.S. § 26-86f.
The exceptions to the general rule of sovereign immunity are 1) clear waiver by the state; 2) suits for declaratory judgment alleging unconstitutional action by state officials; Anselmo v.Cox, 135 Conn. 78, 81-82; 3) claims for violation of article first § 11 of the Connecticut Constitution; Horton v.Meskill, 172 Conn. 615; Senter v. Board of Trustees,184 Conn. 339, 343; 4) wilful or wanton actions by state officials.
This plaintiff seeks a declaratory judgment. That request for relief does not seek to control the activities of the state and is thus permitted. Textron, Inc. v. Wood, 167 Conn. 334, 340-42.
Plaintiff also seeks a permanent injunction to prevent defendant from "participating in the killing of deer under one year of age,"[1] and "costs and attorney's fees under C.G.S. § 22a-18."
To prevent the state from killing all deer is beyond the power of this court. But killing fawn deer by anyone is prohibited by statute.
As the defendant states in his memorandum of February 3, 1998, "Conn. Gen. Stat. § 22a-16 provides standing for a plaintiff to seek declaratory and equitable relief against the state for conduct which is likely to. . . impair or destroy the public trust in. . . other natural resources of the state," (emphasis in original).
Our C.G.S. § 22a-17 refers to "the conduct of the defendant, acting alone or in combination with others, has or is reasonably likely unreasonably to. . . destroy the public trust in. . . other natural resources. . ." The conduct of defendant alleged here is in combination with others and is reasonably likely to unreasonably destroy the public trust in our natural CT Page 4107 resource of deer. Thus the plaintiff has standing to bring this action under C.G.S. § 22a-16 under the most strict construction.[2]
As the defendant states in footnote 2 of his memorandum,supra p. 9, referring to the act in question. Representative Francis Collins said, "It may well prod those [state] agencies into more thorough and responsive carrying out of legislative programs." Certainly the prohibition against killing fawn deer is a "legislative program". C.G.S. § 26-86f. The defendant has violated that statute and is reasonably likely to do so again. Of course, the plaintiff has not asked for the enforcement of that statute here.
V. Other Parties
This action is brought only against the defendant. No order against him will have any legal affect on any other parties.
Finally, if the police now were to arrest any of the hunters could they hide behind their hunting licenses and the permission and participation of the department to say we are allowed to kill fawn deer? It think not.
Motion to dismiss is denied.
O'NEILL. J.