[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This complaint alleges that the defendant Plan and Zoning Commission approved a subdivision application for construction on property in Glastonbury, which is reasonably likely to impair or destroy timber rattlesnakes, an endangered species, and whippoorwill, a species of special concern.
The defendants move to strike the plaintiffs' complaint, which seeks, inter alia, declaratory and injunctive relief under General Statutes § 22a-16.
General Statutes § 22a-16 provides that:
"any person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court . . . for declaratory and equitable relief against the state, any-political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any CT Page 3350 person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . ."
 I
The defendants argue in support of their motion to strike that endangered species and species of special concern are not "natural resources" under the statute and, therefore, the plaintiffs may not maintain the present action. The plaintiffs claim that such species are "natural resources" as that term is used in the statute; that this meaning was intended under the statutory scheme; and that this construction is favored by the case law.
It would appear that timber rattlesnakes and whippoorwill, although concomitantly classified as species which are "endangered" and "of special concern," are "wildlife," which has been recognized as a natural resource in Paige v. Town Plan Zoning Commission, 235 Conn. 448, 454, 668 A.2d 340 (1995). In Paige our Supreme Court exhaustively analyzed certain considerations, which also arise in the present case, in concluding that "trees and wildlife" were included in the definition of "natural resources." The court recognized the concluding that "trees and wildlife" were included in the definition of "natural resources." The court recognized the broad policy of the Connecticut Environmental Protection Act (CEPA), and interpreted the term "natural resources" to promote consistency among several different statutory references to the term and the regulations promulgated under CEPA. Id., 454-57. The-court also considered the circumstances surrounding the enactment of CEPA, analyzed its legislative history and compared CEPA to other environmental protection legislation. Id., 458-61. The court distinguished a case relied upon by the defendants in the present case, Red Hill Coalition, Inc. v. Town Plan ZoningCommission, 212 Conn. 727, 563 A.2d 1347 (1989), finding that RedHill's determination that prime agricultural land is not a natural resource is not applicable to considering whether trees and wildlife are natural resources because "[p]rime agricultural land is a subcategory of land subject to human alteration" and "is not naturally occurring." CT Page 3351
While the defendants are correct that, in Fund for Animals,Inc. v. Town Plan Zoning Commission of the Town of Glastonbury,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396816 (February 1, 1993, Norko, J.) the Superior Court determined that the timber rattlesnake was not a natural resource as defined under CEPA, that case was decided prior to the Supreme Court's opinion in Paige, and relied exclusively on Red Hill. A recent Superior Court decision has held that a plaintiff seeking a temporary injunction to restrain the defendant from "causing, permitting, participating in or sanctioning actions which . . . are likely to result in the killing of fawn deer" had standing under General Statute §22a-16 because the plaintiff properly alleged that it brought suit "to protect the public trust in the natural resources of the state." Animal Rights Front v. Rocque, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 575920 (April 16, 1998, O'Neill, S.T.R.) (22 Conn. L. Rptr. 26).
Because it is evident that the timber rattlesnake and the whippoorwill are wildlife, and, thus, natural resources under our Supreme Court's interpretation of that term in Paige, there is little merit to the defendants' argument that the existence of the Endangered Species Act precludes the present suit under CEPA.
Motion to strike is denied.
Wagner, J. Trial Judge Referee