[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-captioned case is an administrative appeal by the City of Stamford ("Stamford") from a decision of the Freedom of Information Commission ("FOIC") ordering that Anastasia DeLuca ("DeLuca") be provided with her psychological evaluation, with the deletion of any "test questions."
Procedural Background
There is no dispute as to the facts found by the FOIC. In CT Page 15647 December 1997, DeLuca was a candidate for the position of police officer with the City of Stamford. She was asked to take a psychological test as a part of the application process.
By letter dated December 16, 1997, a personnel officer of Stamford informed DeLuca that as a result of her psychological evaluation, she was not recommended for the position. On December 20, 1997, DeLuca wrote to Stamford requesting that Stamford provide her with a copy of her psychological evaluation. On January 29, 1998, Stamford's personnel director informed DeLuca that with her permission a copy of the psychological evaluation would be released to a psychologist of her choice, and she should advise him in: writing to whom she wished the evaluation sent. DeLuca thereupon appealed to the FOIC on February 21, 1998, and filed on February 26, 1998, a complaint alleging that Stamford had violated the Freedom of Information Act by denying her a copy of her "personnel file."[1]
After a hearing at the FOIC, a proposed decision was issued on May 5, 1998, and the decision was made final on July 8, 1998, by the full FOIC. The FOIC rejected Stamford's claim that the evaluation was subject to the exemption establish under General Statutes § 1-19 (b)(6) [now § 1-210 (b)(6)] — "test questions, scoring keys and other examination data used to administer a[n] . . . examination for employment." It ordered the evaluation completed by the psychologist to be released, subject to the deletion of any "test question" imbedded in the evaluation. Record at 59-62. This appeal by Stamford followed.[2]
The Appeal Is Without Merit
The sole issue in this case is whether DeLuca may obtain a copy of her psychological report, a separate document generated from the psychological test she took in her employment process.[3] Stamford relies only upon the following exemption from the Freedom of Information Act for the document: "Nothing in the Freedom of Information Act shall be construed to require disclosure of . . . [t]est questions, scoring keys and other examination data used to administer a[n] . . . examination for employment. . . ." General Statutes § 1-210 (b)(6).
The Freedom of Information Act advances a legislative policy that records held by a town be made readily available to the public. Perkins v. FOIC, 228 Conn. 158, 166 (1993). As the CT Page 15648 general rule is disclosure, exemptions from the Act are narrowly construed. Hartford v. FOIC, 201 Conn. 421, 430 (1986). Clearly the FOIC in its order has withheld from DeLuca any form questions that may appear in the evaluation and has accepted Stamford's argument that these constitute "test questions." Therefore Stamford must argue that the evaluation as redacted constitutes "other examination data" used to administer the employment examination.[4]
The Court concludes that the evaluation does not fall in this category. Stamford contends that the examination questions have an intentional pattern to test the applicant's candor (known as the "lie factor") and that by reading either the questions or the separate evaluation document, a rejected applicant might discover this pattern. The result would be that the "code" would be "cracked" and the applicant when reapplying would have an unfair advantage. Stamford concludes therefore that not only the questions (which the FOIC has exempted), but the evaluation itself should be exempt under subsection 6, "other examination data."
Each case to interpret subsection 6, however, has concluded that the doctrine of ejusdem generis applies here: "[W]here a particular enumeration is followed by general descriptive words, the latter will be understood as limited in their scope to . . . things of the same general kind or character as those specified in the particular enumeration." Eastern Connecticut CableTelevision, Inc. v. Montville, 180 Conn. 409, 413 (1980), quotingEasterbrook v. Hebrew Ladies Orphan Society, 85 Conn. 289, 296
(1912).
General Statutes § 1-210 (b)(6) exempts test questions, scoring keys and other examination data. The first two phrases under ejusdem generis control the meaning of the third. SeeChairman, Merit Promotional Committee v. FOIC, No. CV-86-318450 (November 16, 1988) at 7 (The exemption applies to "standard test questions"); State of Connecticut, Administrative Services v. FOIC,
No. CV84-0293826S (February 10, 1987) (It is a tortured construction to extend "other examination data" to more than test materials or to extend the meaning of the phrase to "evaluations.") In the recent case of Washington v. FOIC, No. CV 98 0492644S (August 31, 1999), Judge Hartmere held that "examination data" does include "oral board panelists' scoring sheets, the written answers of candidates and the taped oral answers of those candidates." The disclosure of such data "is the CT Page 15649equivalent of ordering disclosure of the test questions which are specifically exempted from disclosure under the statute." Based on these cases the court concludes that a separate document, the product of an evaluation by a psychologist, falls outside the exemption.
Stamford correctly refers to the holding in Glastonbury v.FOIC, 39 Conn. Sup. 257 (1984) that the exemption of § 1-210
(b)(6) is absolute and that the FOIC had there misinterpreted the exemption. However, Glastonbury has no relevance to the issue of what is meant by the term "other examination data." The case ofRoulette v. Department of Central Management Services, 141 Ill. App.3d 394,490 N.E.2d 60 (1994) is relied upon by Stamford for its declaration that interpretive data produced by a psychologist is exempt from the Illinois Freedom of Information Act. That case is not in point. The Illinois FOI statute as interpreted is not equivalent to the Connecticut Freedom of Information Act. The Illinois Act is not to "disrupt the duly-undertaken work of any public body." Roulette, 490 N.E.2d at 63 (quoting the Illinois Statute). Such language does not occur in the Connecticut Act and would conflict with Perkins v. FOIC, supra. The Illinois Court also relied on several exemptions for its conclusion, in addition to the exemption for "examination data," as well as on the Illinois Personal Records Act.[5] These further provisions may well lead to the conclusion that an appropriate exemption was found in Illinois, but cannot be binding in Connecticut. Roulette
therefore does not control the meaning of "other examination data" in this state.
Stamford also contends that it was unable to explore fully the adverse results of disclosure, by introducing evidence of DeLuca's motive in requesting the evaluation. But such motivation evidence, perhaps relevant to other exemptions under the Freedom of Information Act[6], has little application to the meaning of the phrase "other examination data." In addition Stamford was free to introduce the evaluation for in camera review to convince the FOIC of the harm of releasing the psychological evaluation. The in camera procedure was not followed, however. Stamford had the burden of proving the exemption and did not meet it. Rose v.FOIC, 221 Conn. 217, 232 (1992). Accordingly the appeal is dismissed.
Henry S. Cohn, Judge